934 A.2d 1155

**Victor M. SACKETT and Diana L. Sackett, Appellants,**

**v.**

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

Supreme Court of Pennsylvania.

Oct. 16, 2007.

### ORDER

PER CURIAM.

**AND NOW,** this 16th day of October, 2007, upon consideration of Appellee's Application for Reargument, Appellants' Response in Opposition, and the Statement of Amicus Curiae in Support of Reargument filed by the Commonwealth of

Pennsylvania Insurance Commissioner and Department ("Insurance Commissioner") in response to this Court's June 27, 2007 order, it is **HEREBY ORDERED** that the Application for Reargument is **GRANTED,** and this matter is **RESUBMITTED** on the existing briefs and reargument pleadings. Appellants Victor M. Sackett and Diana L. Sackett are hereby **GRANTED** twenty (20) days to file a Brief in Response to the substantive points made in the Application for Reargument and the points made in the Insurance Commissioner's Amicus Statement.

The *Application Of Amici Curiae, The Pennsylvania Defense Institute, The Insurance Federation Of Pennsylvania, And The Property Casualty Insurers Association of America, For Leave To File Statement In Support of Application For Reargument Filed By Nationwide Insurance* is **DENIED.** The *Application Of Amicus Curiae, The Pennsylvania Trial Lawyers Association, For Leave To File Statement Opposing Application For Reargument Filed By Nationwide Mutual Insurance Company* is **DENIED.**

Justice FITZGERALD did not participate in the consideration or decision of this matter.

Justice BALDWIN files a dissenting statement which is joined by Chief Justice CAPPY.

Justice BALDWIN, dissenting.

I regretfully and respectfully, but emphatically, dissent from the Majority's granting of reargument. As a general proposition, after this Court issues a decision, we move forward to the next case. Despite the doomsday prognostications of Appellee Nationwide Mutual Insurance Company ("Nationwide"), the Insurance Commissioner, and the insurance defense bar, this case is no different. The pending Application is to be considered against the backdrop of Pa.R.A.P. 2543 just like any other case. Rule 2543 provides as follows:

Considerations Governing Allowance of Reargument

Reargument before an appellate court is not a matter of right, but of sound judicial discretion, and reargument will be allowed only when there are compelling reasons therefor

. . . .

*Note:* The following, while neither controlling nor fully measuring the discretion of the court, indicate the character of the reasons which will be considered:

(1) Where the decision is by a panel of the court and it appears that the decision may be inconsistent with a decision of a different panel of the same court on the same subject.

(2) Where the court has overlooked or misapprehended a fact of record material to the outcome of the case.

(3) Where the court has overlooked or misapprehended (as by misquotation of text or misstatement of result) a controlling or directly relevant authority.

(4) Where a controlling or directly relevant authority relied upon by the court has been expressly reversed, modified, overruled or otherwise materially affected during the pendency of the matter sub judice, and no notice thereof was given to the court pursuant to Rule 2501(b) (change in status of authorities).

. . .

Pa.R.A.P. 2543.

Appellee Nationwide acknowledges this Court's reluctance to grant reargument, but insists reargument is warranted based on the proposition that this Court has overlooked the consequences of the *Sackett* decision on the insurance industry, and failed to appreciate the distinctions between personal and commercial insurance practice. *Sackett* was a case concerning personal automobile insurance. Nationwide posits, from the insurer's perspective, the costs and administrative burdens attendant to compliance with the *Sackett* decision are great. Nationwide further asserts that the cost of insurance will rise following *Sackett,* that this consequence could not have been intended by this Court, and such unintended consequences form the basis for reargument.

While recognizing the potential for costs to be affected by the *Sackett* decision ("As a practical matter, there will be *some* cost attendant to compliance with today's holding"), the case was decided on statutory construction principles. Simply put, the statute there at issue, 75 Pa.C.S. § 1738, was unambiguous. *Sackett v. Nationwide Mutual Ins. Co.*, 591 Pa. 416, 427, 919 A.2d 194, 201 (2007).

Nationwide's concerns about the effect of *Sackett* on the insurance industry, especially the commercial lines, rest upon hypothetical situations and facts *dehors* the record. There is no contention that this Court has overlooked or misapprehended a fact of record or controlling authority. Rule 2543 does not provide a basis for reargument where a party simply disagrees with the outcome, and it most certainly does not do so where the applicant wishes to make arguments not developed in the appeal process or based upon facts not at issue in the appeal or made part of the record. Therefore, even if Nationwide's predictions prove true, and heightened administrative and exposure costs result in an increase in the cost of insurance, this is no basis for reargument. In fact, that is the Legislature's milieu.

Additionally, Nationwide disagrees with this Court's interpretation of Section 1738. Disagreeing with this Court's statutory construction analysis is, of course, very different from alleging that we overlooked or misapprehended precedent, which are proper bases for an application for reargument. The fact remains that this Court engaged in construction of a statute enacted by the General Assembly. In other words, the consequences that result from *Sackett* are those created by statute.

Upon receipt of Nationwide's Application for Reargument, we invited the Insurance Commissioner to file an amicus curiae brief identifying bases for reargument. Instead, a Statement was filed that essentially reargues the case.[1]  Much

---

1. There is recognition of this in the Court's instant order granting the Application for Reargument wherein it grants the Sacketts' Application to file a response. ("Appellants Victor M. Sackett and Diana L. Sackett are hereby Granted twenty (20) days to file a Brief in Response to the

like Appellee's Application, nothing in the Statement illustrates that this Court overlooked or misapprehended a fact of record, or controlling or directly relevant authority.

The Insurance Commissioner's position is that *Sackett* will have a broad and potentially complicated effect on the insurance industry and the Department's regulation of it. The Insurance Commissioner conveys concern about the effect of *Sackett*, and disagrees with the legal analysis upon which a majority of this Court agreed. However, in *Sackett* this Court was not faced with questions related to lag time before reporting a vehicle purchase to the insurance company, or stacking of coverage in a commercial context.[2] Arguments about whether the Legislature intended the MVFRL to treat commercial policies differently than non-commercial polices like that at issue in *Sackett*, whatever merit they may have, were not before this Court, on this record, or subject to resolution in the *Sackett* case.[3]

While I recognize that the illustrations given in the Note to Rule 2543 are not exhaustive, when faced with an application for reargument that falls outside the ambit of Rule 2543 altogether, and that seeks nothing more than another bite at the apple, there is no basis established upon which to revisit a decision reached by this Court. Here, Appellee has not presented a basis for granting reargument within the scope of Pa.R.A.P. 2543, precedent established by this or another court, or any authority at all.

**substantive** points made in the Application for Reargument and the points made in the Insurance Commissioner's Amicus Statement.") (emphasis added)

**2.** The issue before the Court in *Sackett* was: "Does the Pennsylvania Motor Vehicle Financial Responsibility Law (the MVFRL), 75 Pa.C.S. §§ 1701–1799.7, require automobile insurers to provide first named insureds the opportunity to waive the stacked limits of uninsured/underinsured (UM/UIM) coverage for each instance an insured purchases UM/UIM coverage by adding a vehicle to an existing policy?" *Sackett*, 591 Pa. at 419, 919 A.2d at 196.

**3.** I note that this Court recently granted allowance of appeal and heard oral argument in *Everhart v. PMA Ins. Group*, No. 12 WAP 2007, in which the issue is whether stacking is available in the context of a commercial fleet policy.

Costs and consequences necessarily flow from decisions made by this and other courts. Such is the nature of our system. Establishing answers to unresolved questions of law is an inherent part of this Court's raison d'être. The consequences that result from *Sackett* are those created by statute. I remain of the opinion that Nationwide's recourse following *Sackett* is properly through the legislative branch, given its policy-based argument that there is a better course for the future of UM/UIM stacking waivers in Pennsylvania. In this case, the losing party is simply dissatisfied with the outcome reached by this Court; however, disagreement does not a faulty analysis make.

An application for reargument in this Court is a decidedly different animal than an appeal challenging a decision of a lower court. Stated otherwise, we do not take appeals from our own decisions. Today, a majority of my colleagues treat these two different mechanisms as though they serve the same function. This obviously invites losing parties to view a reargument application as the final step in every appeal, rather than the exceptional tool by which to bring to the Court's attention law or facts that were overlooked, i.e. the bases for granting reargument in the past.

For these reasons, I would deny the Application for Reargument.

Chief Justice CAPPY joins this dissenting statement.